UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BRIAN B.,

Plaintiff,

v.

ANDREW SAUL,[1]
Commissioner of Social Security,

Defendant.

Case No. 18-CV-2072 (NEB/SER)

ORDER ACCEPTING REPORT AND RECOMMENDATION

Plaintiff brought this action after the Commissioner of Social Security denied Plaintiff's application for disability insurance benefits, asking the Court to remand the matter to the Commissioner for another hearing and an award of benefits. The parties filed cross-motions for summary judgment. In a June 4, 2019 Report and Recommendation, United States Magistrate Judge Steven E. Rau recommends granting Defendant's motion for summary judgment and denying Plaintiff's. [ECF No. 21 ("R&R").]

Plaintiff objected to the recommendation, and so the Court has conducted a de novo review. [ECF No. 23 ("Pl. Obj.")]; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Having closely examined the record and the R&R, the Court agrees with Judge Rau that the Administrative Law Judge's ("ALJ's") decision does not

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

1

contain legal error and is supported by substantial evidence. Thus, the Court overrules Plaintiff's objection and accepts the R&R.

A few issues raised in Plaintiff's objection warrant explanation. First, Plaintiff argues the ALJ committed legal error because it did not give sufficient weight to the opinion of occupational therapist Dale Wirth. According to the Plaintiff, his treating physician Dr. Alexia Norelle adopted Mr. Wirth's opinion, and thus the ALJ should have treated it as a medical opinion. (Pl. Obj. at 2.) Judge Rau considered this argument and determined that Mr. Wirth's assessment was "not an opinion based on Dr. Norelle's own evaluations or judgment." (R&R at 10.) And even if Mr. Wirth's assessment became a medical opinion due to Dr. Norelle's agreement, the ALJ also discounted it because it was inconsistent with the record as a whole. A treating doctor's opinion "is afforded less deference when the medical evidence in the record as a whole contradicts the opinion itself." *Haggard v. Apfel*, 175 F.3d 591, 595 (8th Cir. 1999). Judge Rau properly found that the ALJ appropriately considered Mr. Wirth's finding, and that the ALJ's decision to discount the opinion was supported by substantial evidence.

Second, Plaintiff argues that the Commissioner failed to meet his burden at step five because he did not demonstrate that Plaintiff possessed transferable skills during the period when Plaintiff had the RFC to perform sedentary work. (Pl. Obj. at 4-5.) Plaintiff's theory is that the Commissioner and Judge Rau ignored the "heightened skill transferability threshold" for applicants over age 55. (Pl. Obj. at 5.) This is so, Plaintiff

argues, because of the Vocational Expert's interrogatory response number 16, in which the VE checked "no" to the question of whether there were any "sedentary jobs that are so similar to [Plaintiff's] past (relevant) work that [Plaintiff] would need to make very little, if any, vocational adjustments in terms of tools, work processes, work settings, or the industry." [ECF No. 10-6 at 94 (Admin. R. at 299).] Under the regulations, "In order to find transferability of skills to skilled sedentary work for individuals who are of advanced age (55 and over), there must be very little, if any, vocation adjustment required in terms of tools, work processes, work settings, or the industry." 20 C.F.R. § 404, Subpt. P, App. 2, § 201.00(f). Thus, at first blush, the VE's answer to interrogatory 16 would seem to indicate a finding of disability.

Judge Rau addressed this argument, rejecting it under the substantial evidence standard. The remainder of the VE's answers, and the remainder of the record, support the ALJ's conclusion that Plaintiff acquired skills from his past work that transferred to jobs existing in significant numbers in the national economy. The record does not support any inference that the ALJ ignored Plaintiff's age or the applicable standard. To the contrary, the ALJ discussed the age category issue at the hearing and in his findings, specifically noting that Plaintiff was 52 and "approaching advanced age" at the alleged disability onset date. [ECF No. 10-2 at 40 (Admin. R. at 39).] The VE's interrogatory response does not change the result. Substantial evidence in the record supports the ALJ's step five finding, and the Court "may not reverse it because substantial evidence

3

exists in the record that would have supported a contrary outcome." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). In all, the Court concludes that the ALJ's decision is supported by substantial evidence and "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011) (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)).

Finally, Plaintiff voices concern over the R&R's purported reliance on daily activities in determining his RFC. (Pl. Obj. at 4 n.1.) Plaintiff's criticism stems from case law denouncing the "naiveté of the Social Security Administration's administrative law judges in equating household chores to employment." *Hughes v. Astrue*, 705 F.3d 276, 278 (7th Cir. 2013). In advancing this argument, Plaintiff attempts to stretch the *Hughes* criticism too far. The ALJ did not equate household chores with employment, and did not rely solely on Plaintiff's daily activities; instead, both the ALJ and Judge Rau properly contrasted Plaintiff's daily activities with his reported limitations when weighing Plaintiff's testimony and certain medical opinions. *See Fentress v. Berryhill*, 854 F.3d 1016, 1021 (8th Cir. 2017), as corrected (Apr. 25, 2017) (affirming that the Commissioner appropriately weighed conflicting evidence of daily activities with physician's opinion and plaintiff's statements). The ALJ therefore appropriately considered the evidence, including the extensive medical record and report of daily activities, in determining Plaintiff's RFC.

Based on the foregoing, and on all the files, records and proceedings herein, the Court OVERRULES Plaintiff's objection [ECF No. 23], and ACCEPTS the R&R [ECF No. 21.] IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion for Summary Judgment [ECF No. 12] is DENIED;

2. Defendant's Motion for Summary Judgment [ECF No. 18] is GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 7, 2019  BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge